# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE MOSES H. CONE MEMORIAL ) <br> HOSPITAL OPERATING ) <br> CORPORATION d/b/a CONE ) <br> HEALTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPRINGFIELD SERVICE ) <br> CORPORATION d/b/a SPI ) <br> HEALTHCARE, ) <br> ) <br> Defendant. ) | 1:13CV651 |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant Springfield Service Corporation d/b/a SPi Healthcare's ("Defendant" or "SPi") motion to dismiss for failure to state a claim (Docket Entry 10) and motion to strike portions of the complaint pursuant to Federal R. Civ. P. 12(f). (Docket Entry 12.) The motions have been fully briefed and the matter is ripe for disposition. For the reasons that follow, it is recommended that Defendant's motion to dismiss be granted and that the motion to strike be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Moses H. Cone Memorial Hospital Operating Corporation d/b/a Cone Health ("Plaintiff" or "Cone Health") began this action by filing its complaint on August 8, 2013, alleging that SPi breached the parties' Master Outsourcing Services Agreement and Supplement 1 ("Agreement") and that Cone Health was terminating the Agreement as a

result of SPi's breach. Additionally, in counts III-VII of the complaint, Plaintiff seeks declaratory judgments relating to the parties' rights and liabilities under the Agreement.

According to the complaint, Cone Health provides health care services through a network of hospitals and physicians in North Carolina. (Compl. ¶ 5, Docket Entry 1.) SPi provides revenue management, health information management, and billing services to health care providers like Cone Health. (*Id.* ¶ 6.) On August 8, 2011, Cone Health and SPi entered into a Master Agreement under which Cone Health outsourced certain claims management and account receivable functions to SPi. (*Id.* ¶¶ 9-10; Ex. A thereto.) On February 1, 2012, the parties executed "Supplement 1" to the Master Agreement, under which SPi began providing billing and claims management services to physicians owned by, or affiliated with, Cone Health. (*Id.* ¶¶ 15; Ex. B thereto.) The term of the contract under Supplement 1 is five years. (*Id.* Ex. B.)

On May 10, 2013, Cone Health notified SPi of several purported breaches of the Agreement and threatened to terminate it for cause if the breaches were not cured to Cone Health's satisfaction within sixty days. (*Id.* ¶ 58.) Under the Agreement, a party has sixty days to cure any alleged breach before the other party can terminate the Agreement for cause. (*Id.* ¶ 56; Ex. A.) The parties then engaged in correspondence regarding SPi's alleged breach of the Agreement, and Cone Health agreed to suspend termination of the Agreement until August 12, 2013 "while the Parties discussed termination transition resolution." (*Id.* ¶ 63.) Cone Health then filed this action on August 8, 2013, alleging that SPi breached the Agreement. Counts I and II of the complaint seek money damages for the alleged breach. Counts III through VII seek declaratory relief.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In ruling on a 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true and all reasonable factual inferences are drawn in the plaintiff's favor. *Id.* at 244. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B. Motion to Strike

Rule 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 247 (4th Cir. 2007) (Rule 12(f) motions to strike "are to be granted infrequently"). "Moreover, a motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (citations omitted).

## III. DISCUSSION

### A. Motion to Dismiss Declaratory Judgment Claims

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S. § 2201(a). However, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Thus, the Declaratory Judgment Act "does not impose a mandatory obligation upon the federal courts to make such declarations of rights. Rather, a district court's decision to entertain a claim for declaratory relief is discretionary." *Aetna Cas. & Sur. Co. v. Ind-Com Electric Co.*, 139 F.3d 419, 421 (4th Cir. 1998).

Declaratory relief should be granted only when doing so "'will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (*quoting Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). In examining the claims for declaratory judgment in the instant complaint, the Court concludes that neither of the objectives noted above would be served by considering or deciding the declaratory judgment claims.

Counts III through VII of the complaint seek declaratory judgments as to the rights and responsibilities of the parties. Specifically, these counts seek a declaration: (a) that SPi committed a material, uncured breach of the Agreement (Count III); (b) that Cone Health

had the right to terminate the Agreement for cause on August 12, 2013 due to SPi's breach (Count IV); (c) that Cone Health could terminate the Agreement without cause at any time after August 8, 2014 (Count V); (d) that SPi is required to provide services only before the termination date and is not entitled to compensation for any services occurring after that date (Count VI); and (e) that Cone Health is entitled to money damages because of SPi's breach (Count VII). As to Counts III, IV, VI and VII, these claims are clearly duplicative of Plaintiff's breach of contract claims in Counts I and II. Cone Health itself argues that resolution of the claims for declaratory judgment "will determine not only whether each party may be liable for ongoing damages, but also the type of damages that may form the basis for calculating that liability and the effective cut-off date for any contractual obligations." (Pl.'s Br. at 9, Docket Entry 19.) In short, these are the very determinations that the court must make on the breach of contract causes of action.

"[C]ourts have repeatedly recognized that a declaratory judgment serves no 'useful purpose' when it seeks only to adjudicate an already-existing breach of contract claim." *Metra Indus., Inc. v. Rivanna Water & Sewer Authority*, No. 3:12CV0049, 2014 WL 652253, at *3 (W.D. Va. Feb. 19, 2014) (unpublished). Here, as in *Metra*, "the same conduct underlies [Cone Health's] claims for declaratory judgment and breach of contract." *Id.* In the two counts for breach of contract, Cone Health asserts that SPi engaged in continuous conduct amounting to material breaches of the Master Agreement and Supplement 1. (Compl. ¶¶ 66, 71.) Similarly, Counts III, IV and VI seek a declaration that SPi is liable for breaching the contracts and setting the parameters of compensation for pre-breach and post-breach services, while Count VII seeks a declaration as to the amount and scope of money damages

5

available on the breach of contract claims. All four of these counts, therefore, are duplicative of Cone Health's breach of contract claims.

In Count V, Cone Health seeks a declaration that it could terminate the Agreement without cause on August 8, 2014. As noted by SPi, Cone Health already terminated the Agreement on August 12, 2013. The question as to what Cone Health could or could not do on August 12, 2014, therefore, is a hypothetical one, and any declaration by this court as to this question would constitute an impermissible advisory opinion. *See Jackson v. Jackson*, 857 F.2d 951, 955 n. 1 (4th Cir. 1988) (federal courts are "prevented from issuing opinions on abstract or hypothetical questions or from giving advisory opinions); *Artful Color, Inc. v. Hale*, 928 F.Supp.2d 859, 861 (E.D.N.C. 2013) ("[i]n other words, the Declaratory Judgment Act may not be invoked to ask a district court to issue advisory opinions . . ."); *Marina One, Inc. v. Jones*, No. 4:13cv117, 2014 WL 2155356, at *4 (E.D. Va. May 22, 2014) (unpublished) ("[t]he proper function of a declaratory judgment is not that of an advisory opinion.").

Additionally, it does not appear that a declaratory judgment is necessary in this case to afford relief "from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Poston*, 88 F.3d at 256. The legal issues in this matter, attendant to the alleged breach of the agreements between the parties, will be resolved by the litigation of the breach of contract claim. There is no dispute between the parties going forward; the allegations have to do with the past conduct of the parties and the rights and responsibilities of the parties based on that conduct. Such a dispute does not satisfy the requirements of a declaratory judgment action. *See FDIC v. Bd. of Sup'rs of Arlington Cnty*, No. 1:11cv1394, 2012 WL 3017862, at *4 (E.D. Va. July 23, 2012) (unpublished) ("Declaratory relief is appropriate,

then, when an adjudication will assist the parties going forward. Traditionally, an adjudication of past conduct does not satisfy the requirements of a declaratory judgment action."). Cone Health, in its declaratory judgment claims, seeks only an adjudication of past conduct. Accordingly, because Cone Health has not demonstrated that a declaratory judgment will serve a useful purpose nor terminate and afford relief from the controversy giving rise to the proceeding, the court recommends that SPi's motion to dismiss be granted.

**B. Motion to Strike**

As noted, motions to strike pursuant to Rule 12(f) are largely disfavored in this circuit as being a drastic remedy. "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Buser v. Southern Food Serv.*, 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999) (internal quotation marks and citation omitted).

*1. Paragraph 7*

Defendant contends that Paragraph 7 of the complaint should be stricken on the grounds that it contains allegations that are "impertinent and immaterial" to the breach of contract claims in the complaint and that SPi would be prejudiced if the allegations of Paragraph 7 are allowed to stand or if Cone Health tried to introduce evidence of these allegations at trial. Paragraph 7, in its entirety, alleges as follows:

> Springfield Service Corporation ("SSC") and its subsidiary were rebranded as SPi Healthcare" in 2011. SPi is now a subsidiary of SPi Global Holdings, Inc., a company fully owned by Asia Outsourcing Gamma Limited. CVC Capital Partners, a private equity and investment advisory firm, owns eighty (80%) of Asia Outsourcing Gamma Limited. Philippine Long Distance Telephone Company owns the remaining twenty percent (20%) of the company.

7

(Compl. ¶ 7, Docket Entry 1.) SPi argues that the allegation regarding its parent company and other ownership particulars "have no bearing on whether SPi (or Cone Health) breached the Agreement." (Def.'s Mem. Supp. Mot. to Strike at 2, Docket Entry 13.) SPi further argues that the only purpose for these allegations is "to tarnish SPi as an entity that is directly related to, and affiliated with, an Asian corporation owned by a large private equity fund and another Asian company." (*Id.*)

Plaintiff contends the Master Agreement which serves as the foundation in this matter was executed by Cone Health and Springfield Service Corporation. (Pl.'s Mem. Opp. Mot. to Strike at 2-3, Docket Entry 20; *see also* Compl., Ex. A, Docket Entry 1-1.) According to Plaintiff, it included the allegation in Paragraph 7 to explain the identity of the parties to the Master Agreement and the relationships between the parties. Additionally, Plaintiff argues that SPi has not shown that it is prejudiced by the allegation in Paragraph 7.

This court finds that Defendant has not made a showing of actual prejudice, nor has Defendant demonstrated to this court that Paragraph 7 is "redundant, immaterial, impertinent, or scandalous" such that it should be stricken. The allegation merely states that the named party in the Master Agreement now operates under a different name and has new management. Moreover, because the material in the complaint will not be presented to the jury, the danger of prejudice is minimal. *See, e.g., Godfredson v. JBC Legal Group, P.C.*, 387 F. Supp. 2d 543, 556-67 (E.D.N.C 2005). SPi's motion to strike paragraph 7 from the complaint should be denied.

*2. Paragraphs 68 and 72*

Defendant also moves to strike Plaintiff's demand for indirect, consequential damages in paragraphs 68 and 72 of the complaint. Defendant argues that under the Agreement recovery of these damages is expressly precluded.

Paragraph 68 states in its entirety:

> SPi's breach of the Master Agreement and breaches of its warranties have caused direct damages to Cone Health, which include loss of revenue (as identified above), *loss of existing physicians, loss of prospective physicians, loss of patients, loss of goodwill and reputation, and potential losses due to fines and penalties.*

(Compl. ¶ 68.) Paragraph 72 contains identical language, alleging the same damages resulting from breach of Supplement 1. (*Id.* ¶ 72.) SPi objects to the language in italics, arguing that Cone Health is seeking indirect, consequential damages attendant to its breach of contract claim.

Under North Carolina law, a consequential damage is any "damage, loss or injury as does not flow directly and immediately from the act of the party, but only from some of the consequences or results of such act." *Shell Island Homeowners Ass'n, Inc. v. Tomlinson*, 134 N.C. App. 217, 229, 517 S.E.2d 406, 415 (1999); *see also Ada Liss Grp. v. Sara Lee Corp.*, No. 06CV610, 2009 WL 3241821, at *7 (M.D.N.C. Sept. 30, 2009) (unpublished) ("Consequential damages are defined under North Carolina law as damages that do not necessarily result from the breach.").

The Agreement in this case required SPi to provide certain medical billing and fee collection functions for physicians owed by or affiliated with Cone Health. A breach of these obligations could only result in direct damages, *i.e.*, the fee that Cone Health paid for SPi's services during the contract period. The other damages alleged by Cone Health are, by,

9

definition, indirect or consequential damages. The Agreement between the parties clearly precludes recovery of such indirect or consequential damages:

> 14.2 **Disclaimer of Indirect Damages.** NEITHER PARTY SHALL BE LIABLE TO THE OTHER PARTY FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, EXEMPLARY, PUNITIVE OR SPECIAL DAMAGES . . . REGARDLESS OF THE FORM OF THE ACTION OR THE THEORY OF RECOVERY . . . .

(Compl. Ex. A.) This limitation of liability clause is enforceable under North Carolina law unless it is unconscionable. *See Gas House, Inc. v. Southern Bell Tel. & Tel. Co.*, 289 N.C. 175, 176-77, 221 S.E.2d 499, 500-01 (1976), *overruled on other grounds by State ex rel. Utils. Comm'n v. So. Bell Tel & Tel. Co.*, 307 N.C. 541, 299 S.E.2d 763 (1983); *see also Blaylock Grading Co., LLP v. Smith*, 189 N.C. App. 508, 511, 658 S.E.2d 680, 682 (2008). The contract between the parties here was clearly a commercial transaction at arm's length, and Plaintiff has not alleged, or suggested, that this clause is unconscionable; thus, under the clear terms of the Agreement, even if SPi is found to have breached the contract, Cone Health would not be entitled to consequential or indirect damages. Cone Health, in responding to the motion to strike, does not clarify its damages request, nor refute that the damages it is seeking are indirect or consequential damages.[1] As such, the allegations seeking indirect or consequential damages should be stricken from the complaint.

---

[1] Cone Health's substantive argument as to this issue consists of two sentences: "The fact that the Master Agreement speaks to the type of damages allowed demonstrates that the issue is pertinent and material to this case. Cone Health should be permitted to offer proof supporting its claims that the harm it suffered due to SPi's breaches is recoverable." (Pl.'s Resp. to Mot. to Strike at 4, Docket Entry 20.)

## IV. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant SPi's motion to dismiss Counts III-VII of the complaint (Docket Entry 10) be **GRANTED**. **IT IS FURTHER RECOMMENDED** that the Defendant's motion to strike (Docket Entry 12) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is **RECOMMENDED** that Defendant's motion to strike be **DENIED** as to Paragraph 7 and **GRANTED** as to the allegations in Paragraphs 68 and 72 with regard to indirect or consequential damages.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
July 18th, 2014