IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THE MOSES H. CONE MEMORIAL )
HOSPITAL OPERATING )
CORPORATION d/b/a CONE )
HEALTH, )
)
        Plaintiff, )
)
v. ) 1:13CV651
)
CONIFER PHYSICIAN SERVICES, INC.)
f/k/a SPRINGFIELD SERVICE )
CORPORATION, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Motion for Protective Order and to Stay Rule 30(b)(6) Deposition filed by Defendant, Conifer Physician Services, Inc. f/k/a Springfield Service Corporation (hereinafter "Conifer" or "Defendant"). (Docket Entry 78.) Plaintiff, The Moses H. Cone Memorial Hospital Operating Corporation d/b/a Cone Health (hereinafter "Cone Health" or "Plaintiff"), filed a response. (Docket Entry 80.) Conifer filed a reply on May 27, 2016. (Docket Entry 82.) A hearing in this matter was held on July 15, 2016.[1] (Minute entry dated 7/15/2016.) For the reasons that follow, the Court will grant in part and deny in part Conifer's motion.

---

[1] At the time of the hearing, the remaining disputed topics were 5, 15, 17, 19, 22(a)(b)(c)(f), 38, and 39.

1

## I. BACKGROUND

Cone Health filed its original complaint on August 8, 2013, alleging that Conifer breached the parties' Master Outsourcing Services Agreement and Supplement 1 ("Agreement") and that Cone Health was terminating the Agreement as a result of Conifer's breach. (*See generally* Compl., Docket Entry 1.) The alleged breaches include Conifer's failure to properly manage Cone Heath's Accounts Receivable, failure to implement a denial management team to process denied claims, failure to provide adequate customer service to patients, failure to provide daily reconciliation, and improper billing of Medicaid beneficiaries. (*Id.* at 5-10.) Conifer filed a motion to dismiss Counts III through VII of the Complaint. (Docket Entry 10.) The Court thereafter granted Conifer's motion (Docket Entry 27), and the parties submitted a Joint Rule 26(f) Report which the Court adopted. (Docket Entries 28, 30.) After discovery commenced, Cone Health filed a consent motion to amend its Complaint which was granted. (Docket Entries 39, 42.) After the Amended Complaint was filed, Conifer answered and asserted amended counterclaims against Cone Health. (Docket Entry 48.) Discovery continued, and on May 4, 2016, Conifer filed the pending motion for a protective order and to stay Rule 30(b)(6) deposition, asserting the disputed Topics subject to the deposition were either irrelevant, overbroad, or unduly burdensome. (Docket Entry 78.)

## II. DISCUSSION

As a general rule, Federal Rule 26(b) provides general provisions regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

2

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Discovery rules are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Protective orders pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). "Not only are protective orders prohibiting depositions rarely granted, but [Defendant] has a heavy burden of demonstrating the good cause for such an order." *Id.* at 653. "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (citation omitted).

Conifer seeks a protective order limiting the scope of the Rule 30(b)(6) deposition of its designee and staying the time for the deposition until after the ruling of this motion. Specifically, Conifer seeks to limit, wholly or in its entirety, Topics 5, 15, 17, 19, 22 (a)-(c), 22(f), 38, and 39. Defendant asserts that the topics are either overbroad, unduly burdensome, lack relevance, and not proportional to the needs of this case. Having set forth fundamental principles of discovery, the court finds the following as to each topic:

## Topics 5, 15, & 17

Topic 5

    Topic 5 states:

    The differences, if any, between the Agreement and Supplement and service level agreements that Conifer uses and/or has used with other clients.

(Exhibit A, Docket Entry 79-1 at 5.) Defendant asserts that the information regarding "other clients'" service level agreements is not relevant, and it is unduly burdensome to produce documents regarding its business as a whole. (Docket Entry 79 at 3-4.) Plaintiff argues that the service level agreements from "other clients" are germane to the facts at issue and will provide information to determine what the Defendant deemed "customary and necessary" of the corporation in a contract. (Docket Entry 80 at 7.) The Court finds that Topic 5 is relevant to Plaintiff's underlying breach of contract claim, however subject to proportionality considerations, Topic 5 is overbroad and unduly burdensome as written. Thus, the Court will limit the comparisons of "other clients" to three (3) of Defendant's revenue management cycle clients engaged in physician practice.

Topic 15

    Topic 15 states:

    Any metrics and/or benchmarks Conifer has used from 2011 through present to determine staffing levels for the work it undertakes for its clients.

(Exhibit A, Docket Entry 79-1 at 7.) Defendant asserts it has already agreed to testify about industry standards, thus obtaining information regarding other clients is not relevant here and unduly burdensome to Conifer. (Docket Entry 82 at 4-5.) Plaintiff argues that the information will give context to the industry standards and "relates to Conifer's performance under the

4

Master Agreement." (Docket Entry 80 at 8.) The Court finds that Topic 15 is relevant to Plaintiff's claims, however subject to proportionality considerations, Topic 15 is overbroad and unduly burdensome as written. Thus, the Court will limit the comparisons of "other clients" to three (3) of Defendant's revenue management cycle clients engaged in physician practice.

Topic 17

Topic 17 states:

Conifer's provision of denial reports, reconciliation reports, and/or AR [Accounts Receivable] analyses to Conifer's past and/or present clients other than Cone Health, including (a) the extent, nature, and character of such reports and analyses; (b) its reasons for providing such reports and analyses; and (c) any standard reporting package provided to clients other than Cone Health.

(Exhibit A, Docket Entry 79-1 at 7.) Defendant asserts that there are express terms in the Master Agreement, none of which require Defendant to produce the reports above to Plaintiff. (Docket Entry 82 at 5.) Therefore, it is irrelevant and unduly burdensome to Conifer. (*Id.*) Plaintiff asserts that these reports Conifer provided to other clients will help determine the sufficiency of the information provided to Cone Health. (Docket Entry 80 at 9.) The Court finds sections (a) and (c) relevant, however subject to proportionality considerations, such sections will be limited to three (3) of Conifer's revenue management cycle clients engaged in physician practice. The Court further finds that Section (b) is irrelevant, and Defendant will not be required to discuss Topic 17(b).

## Topics 19, 38, & 39

Topic 19

Topic 19 states:

> Conifer's retention of GeBBS in or about April 2012, to assist with follow-up work for Cone Health, including: (a) Conifer's audits of GeBBS' performance; (b) Conifer's assessment of GeBBS' performance; (c) GeBBS staff's productivity and error rates, and any disparity between those metrics and Conifer's benchmarks or expectations; (d) the familiarity of GeBBS staff with the technology and processes used to deliver services to Cone Health, including the GE IDX system; (e) the GeBBS staff's prior experience and qualifications; (f) training of GeBBS staff, whether by GeBBS or Conifer; (g) the amounts paid by Conifer for GeBBS' services and the cost savings, if any, derived from co-sourcing or outsourcing with GeBBS rather than hiring additional Conifer staff; and (h) adjustments of Cone Health's AR by GeBBS staff, including the use of contractual and timely filing adjustment codes, approval of adjustments by Conifer, and Conifer's instructions to GeBBS regarding AR adjustments.

(Exhibit A, Docket Entry 79-1 at 7-8.) Defendant asserts GeBBS was only used for "follow up" claims and that Conifer will already testify to alleged "performance" breaches. (Docket Entry 79 at 6-7; Docket Entry 82 at 7.) Defendant further asserts that the topic is irrelevant and unduly burdensome. (*Id.* at 7.) Plaintiff argues that GeBBS' service quality directly relates to Conifer to perform under the Master Agreement, thus this topic is relevant to Plaintiff's claims. The Court finds Topics 19 (a)-(f) are relevant and proportional to the scope of discovery. However, the Court will narrow topics 19(a) and 19(b) to relate solely to Cone Health. As to Topics 19(g) and (h), the Court finds these Topics are irrelevant; thus Defendant will not have to be prepared to discuss them.

Topic 38

Topic 38 states:

Conifer's efforts to mitigate the damages it alleges it has sustained as a result of Cone Health's termination of the Agreement and Supplement.

6

(Exhibit A, Docket Entry 79-1 at 12.) Defendant asserts that Plaintiff failed to plead an affirmative defense regarding any failure to mitigate damages and therefore this topic is irrelevant to discovery. (Docket Entry 79 at 8.) While Plaintiff failed to plead an affirmative defense, Defendants have alleged a counterclaim of breach of contract seeking compensatory damages in excess of 20 million dollars. (Count. Cl., Docket Entry 48 at 15-16.)

> "In an action for *tort* committed or breach of contract without excuse, it is a well settled rule of law that the party who is wronged is required to use due care to minimize the loss . . . . The burden is on defendant of showing mitigation of damages." Therefore, while the duty is imposed upon the injured party to use ordinary care and prudence to minimize his damages, nevertheless the burden is upon the injuring party to offer evidence tending to show such breach of duty or failure to exercise the requisite degree of care and prudence to reduce and minimize the loss complained of.

*Thermal Design, Inc. v. M & M Builders, Inc.*, 207 N.C. App. 79, 89, 698 S.E.2d 516, 523–24 (2010) (citing *First Nat. Pictures Distributing Corp. v. Seawell*, 205 N.C. 359, 360, 171 S.E. 354, 355 (1933)). The burden is placed on the Counter-Defendant, Cone Health in this instance, to show mitigation of damages and to acquire information from Conifer regarding cost and expenses. Thus, the Court finds that Topic 38 is relevant to counterclaims made by Defendant and proportional to the needs of the case.

Topic 39

> Topic 39 states:
>
> The sale of conifer to Conifer Health Solutions LLC (or its affiliate) in or about September 2014, including: (a) any involvement by Conifer's officers or agents in the transaction; (b) any involvement by CVS's officers or agents in the transaction; (c) any representations made by Conifer or any other party to the transaction regarding the quality of Conifer's performance of services for its clients; (d) any representations made by Conifer or anyone on Conifer's behalf regarding its performance of services for Cone Health or this action; (e) any agreement between or among any of Conifer, Conifer Health Solutions LLC,

7

and/or CVC (or any of CVC's affiliates, parents, subsidiaries, or assigns) that concern this action or outcome of this action; (f) any direct or indirect interest that CVC (or any of CVC's affiliates, parents, subsidiaries, or assigns) has or had regarding any judgment entered in this civil action; and (g) any of Conifer's efforts to reduce expenses to prepare Conifer for sale.

(Exhibit A, Docket Entry 79-1 at 12.) Defendant argues this topic is completely irrelevant and has nothing to do with the parties' breach of contract dispute. (Docket Entry 79 at 8.) Plaintiff asserts that the sale of Conifer will validate some of its claims that Defendant did not adequately fulfill the contract because of pressures on the reduction of profit margins, reduction in staffing and other reasons. (Docket Entry 80 at 15.) The Court further finds that Topic 39 is irrelevant; thus Defendant will not have to be prepared to discuss this topic.

**Topic 22**

Topic 22, in pertinent part, states:

Conifer's performance of its customer service responsibilities under the Agreement and Supplement, including: (a) Conifer's staffing of its customer service call centers in Tinley Park, Illinois and Greensboro, North Carolina from January 1, 2012 through August 8, 2013, including the number of total customer service representatives and the number of customer service representatives devoted solely to Cone Health customer service; (b) the labor costs associated with staffing Conifer's call centers in Tinley Park, Illinois and Greensboro, North Carolina from January 1, 2012, through August 8, 2013, including a breakdown of the labor costs associated with any customer service representatives in such locations who were tasked solely with customer service for Cone Health; (c) Conifer's metrics, including its average speed to answer and call abandonment percentage, on a weekly and daily basis from January 1, 2012, through August 8, 2013 . . . (f) the handling by Conifer's customer service department of any issue related to the balance billing of Medicaid recipients, including any issue pertaining to such accounts being sent to and/or handled by any collection agency . . . .

(Exhibit A, Docket Entry 79-1 at 9-10.) Defendant asserts that the sub-topics in dispute are overbroad and unduly burdensome because they refer to Defendant's companywide customer service and not solely related to Cone Health. (Docket Entry 79 at 10.) Plaintiff argues that

8

staffing levels and costs associated with Conifer's other clients are relevant such that they would "demonstrate a base level for the lack of services that Conifer provided to Cone." (Docket Entry 80 at 19.) The Court finds that Topic 22(a) is relevant, however, subject to proportionality considerations, Topic 22(a) is overbroad and unduly burdensome as written. Thus, it will be narrowed such that the topic will address "Conifer's staffing of it customer service . . . *limited* to the number of total customer service representatives devoted solely to Cone Health customer service." Additionally, the Court finds that Topic 22(c) is relevant and proportional. The Court finds that Topic 22(f) is relevant; however, subject to proportionality considerations, Topic 22(f) is overbroad and unduly burdensome as written. Thus, it shall be narrowed such that the topic will address the handling by Conifer's customer service department of any issue related to the balance billing of *Cone Health's* Medicaid recipients, including any issue pertaining to such accounts being sent to and/or handled by any collection agency. The Court further finds that Topic 22(b) is irrelevant, overbroad and unduly burdensome; thus Defendant will not have to be prepared to discuss this topic.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant's motion (Docket Entry 78) is **GRANTED IN PART and DENIED IN PART** as set forth herein. Defendant shall have sixty (60) days to prepare its designee for the Rule 30(b)(6) deposition.

_____
Joe L. Webster
United States Magistrate Judge

July 26, 2016
Durham, North Carolina

9

Case 1:13-cv-00651-JLW  Document 87  Filed 07/26/16  Page 9 of 9